```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x
                                :
  UNITED STATES OF AMERICA      :     SEALED INFORMATION
                                :
          - v. -                :     S1  24 Cr. 370 (VSB)
                                :
  ROBERT HOPKINS,               :
                                :
          Defendant.            :
                                :
                                :
------------------------------ x
```

# COUNT ONE
**(Drug Adulteration and Misbranding Conspiracy)**

The United States Attorney charges:

1. From at least in or about 2016 through at least in or about 2021, in the Southern District of New York and elsewhere, ROBERT HOPKINS, the defendant, together with others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, violations of Title 21, United States Code, Sections 331(a) and 333(a)(2).

2. It was a part and an object of the conspiracy that ROBERT HOPKINS, the defendant, together with others known and unknown, with the intent to defraud and mislead, would and did introduce and deliver for introduction, and would and did cause the introduction and delivery for introduction, into interstate commerce, adulterated and misbranded drugs, as defined by 21 U.S.C. §§ 351(a)(5), 352(a), 352(b), 352(f), 353(f), and 360b, in violation of 21 U.S.C. §§ 331(a) and 333(a)(2).

**Overt Acts**

3.  In furtherance of the conspiracy and to effect the illegal object thereof, ROBERT HOPKINS, the defendant, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.  On or about February 8, 2018, HOPKINS exchanged text messages with another co-conspirator relating to making payments to a Kentucky-based veterinarian ("CC-1") who was complicit in the scheme in exchange for the use of CC-1's veterinary license in furtherance of the fraudulent prescription scheme.

b.  On or about October 13, 2020, HOPKINS used an encrypted electronic messaging application to communicate with another co-conspirator regarding paying CC-1.

c.  Between in or about April 2021 and in or about May 2021, as a result of the scheme that HOPKINS participated in, U.S. Compounding, Inc. fulfilled a drug order by mailing a prescription drug with no valid prescription to an address in New York, New York.

(Title 18, United States Code, Section 371.)

**COUNT TWO**
**(False SEC Filings)**

The United States Attorney further charges:

4.  From at least in or about 2016 through at least in or about 2021, in the Southern District of New York and elsewhere, ROBERT HOPKINS, the defendant, willfully and knowingly made and caused to be made statements in applications, reports, and documents required to be filed with the SEC under the Securities Exchange Act of 1934 and the rules and regulations promulgated thereunder, which statements were false and misleading with respect to material facts, to wit, HOPKINS caused representations to be made in Adamis's quarterly filings with the SEC on Form 10-Q and annual filings on Form 10-K that contained false and materially

misleading statements about U.S. Compounding's financial results, the adequacy of its internal controls, and the absence of fraud.

(Title 15, United States Code, Sections 78m(a) and 78ff; Title 17, Code of Federal Regulations, Sections 240.12b-20, 240.13a-1, and 240.13a-13; and Title 18, United States Code, Section 2.)

## **FORFEITURE ALLEGATIONS**

5.  As a result of committing the offense charged in Count One of this Information, ROBERT HOPKINS, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 334 and Title 28, United States Code, Section 2461(c), any and all drugs that were adulterated and misbranded when introduced into and while in interstate commerce and while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions of section 331(ll), 344, or 355 of this title, have been introduced into interstate commerce, including but not limited to a sum of money in United States currency representing the value of such property.

6.  As a result of committing the offense charged in Count Two of this Information, ROBERT HOPKINS, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

### Substitute Assets Provision

7.  If any of the above-described forfeitable property, as a result of any act or omission by the defendant:

    a.  cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third party;

  c.  has been placed beyond the jurisdiction of the court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Sections 334 and 853; Title 28, United States Code, Section 2461.)

*Damian Williams*
DAMIAN WILLIAMS
United States Attorney